**Gerard P. SCHNEIDER, Appellant,**

v.

**The PEOPLE OF the STATE OF CALIFORNIA, Appellee.**

**No. 23876.**

United States Court of Appeals, Ninth Circuit.

June 19, 1970.

Rehearing Denied Sept. 1, 1970.

Gerard P. Schneider in pro. per.

Robert Lederman (argued) Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Los Angeles, Cal., for appellee.

Before HUFSTEDLER and TRASK, Circuit Judges, and POWELL,* District Judge.

PER CURIAM:

Appellant Schneider petitioned the District Court, pursuant to 28 U.S.C. § 1443, for removal to that court of a criminal prosecution pending against him in the Municipal Court for the County of Los Angeles, California. The District Court remanded the action to the state court because of appellant's apparent failure to comply with a District Court order that he file proof that he had served a copy of his petition for removal on the State of California. Schneider now appeals from the order remanding his action.

Upon examination of the record, we conclude that appellant fully complied with the District Court's order, and that the District Court had jurisdiction of the matter.

■ Proceeding to the merits of the petition, we determine that appellant is not entitled to relief. He alleges that the California state statute under which he has been prosecuted violates the equal protection clause of the Fourteenth

---

* Hon. Charles L. Powell, Chief Judge, United States District Court for the East- ern District of Washington, sitting by designation.

Amendment to the United States Constitution by permitting "different punishments for the same acts, committed under the same circumstances, by persons in like situation." Nothing in the Constitution requires that persons convicted of the same crime receive identical penalties.

> "All murderers do not die, nor is every speeder arrested, or if fined, fined a similar amount. Disparity of sentences is the subject of much discussion these days but no one has suggested that the discretion of the trial judge as to the sentences to be given in all cases should be eliminated."

Marcella v. United States, 285 F.2d 322, 324 (9th Cir. 1960), cert. denied, 366 U.S. 911, 81 S.Ct. 1085, 6 L.Ed.2d 235 (1961). See also Miller v. Gladden, 341 F.2d 972, 977 (9th Cir. 1965). Cf. Williams v. Oklahoma, 358 U.S. 576, 585–586, 79 S. Ct. 421, 3 L.Ed.2d 516 (1959).

The order of the District Court remanding the case to the state court is affirmed.