The PEOPLE OF the STATE OF
CALIFORNIA, Plaintiff-Appellee,

v.

Ronald POBUTA, Ellsworth Swait and William Monroe Vick, Defendants.

Appeal of William Monroe VICK.

No. 26532.

United States Court of Appeals,
Ninth Circuit.

Feb. 2, 1971.

Roland S. Barcume, Newport Beach, Cal., for appellant.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Howard J. Schwab, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before HAMLEY, MERRILL, and BROWNING, Circuit Judges.

PER CURIAM:

Appellant filed a petition under 28 U.S.C. § 1443(1) to remove a state criminal prosecution pending against him. On the day the petition was filed the district court entered a minute order denying the petition and remanding the case to the state superior court. Eight days later the court filed a memorandum order reaffirming the prior order and stating the ground therefor, namely, that the petition failed to state a claim for removal under section 1443(1).

We do not reach the merits of the district court's order. The district court failed to give petitioner notice of the proposed dismissal and an opportunity to present his arguments in opposition. It thereby deprived him of the "essence of our judicial system"—"the right to a hearing on the merits of a claim over which the court has jurisdiction." Harmon v. Superior Court, 307 F.2d 796, 798 (9th Cir. 1962). *See also* Potter v. McCall, 433 F.2d 1087 (9th Cir. 1970), and cases cited.

Petitions under section 1443 are often without merit for the grounds for removal have been narrowly construed (*See* People v. Sandoval, 434 F.2d 635 (9th Cir. 1970)); and, obviously, such petitions result in delay of state court trials. 28 U.S.C. § 1446(e). But short-cutting petitioner's procedural rights in the district court is calculated to prolong

that delay, not abbreviate it, as this case demonstrates.

The case is remanded to the district court to afford appellant the procedural rights outlined in Potter v. McCall, *supra*.