Steve **PERDUE, Tom Perdue and Mark Shoens, Plaintiffs-Appellants,**

v.

The **SUPREME COURT OF the UNITED STATES of America et al., Defendants-Appellees.**

No. 24240.

United States Court of Appeals,
Ninth Circuit.
March 22, 1971.

John Thorne (argued), of Thorne, Stanton, Clopton, Herz, Stanek & Steinberg, San Jose, Cal., for plaintiffs-appellants.

Richard Locke, Asst. U. S. Atty. (argued), James L. Browning, U. S. Atty., Jerry K. Cimmet, Asst. U. S. Atty., San Francisco, Cal., for defendants-appellees.

Before CARTER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

In this action the appellants filed a complaint ostensibly seeking a declaratory judgment in the United States District Court for the Northern District of California. The named defendants were the Supreme Court of the United States and the individuals who at that time were the Chief Justice and the Associate Justices of that Court. The relief sought was that:

1. The petition be accepted and that the defendants be *ordered* to establish a hearing date for the issues presented.

2. That the Supreme Court of the United States declare whether or not participation in the Viet Nam War by the United States is legal or illegal.

The district judge directed that the complaint be stricken and that the action be dismissed in its entirety. He found that the complaint was a sham, failed to state a claim upon which relief could be granted, that the court lacked jurisdiction over the complaint and over the persons of the defendants, that no case or controversy existed and that the plaintiffs have no standing to sue. We agree.

Neither the district court nor this court has authority to enlarge the jurisdiction of the Supreme Court as defined by Congress, 28 U.S.C. § 1251, and by the Constitution, Article III, § 2, to include cases between private citizens and the Court or the Justices of the Court.

The Supreme Court has denied leave to file an original complaint in an action involving similar subject matter. Massachusetts v. Laird, 400 U.S. 886, 91 S. Ct. 128, 7 L.Ed.2d 130 (1970). There is no reason to believe that an inferior court has power or authority to "order" it to accept jurisdiction which it has already declined.

Judgment affirmed.