**Howard Lewis SANDERS, Appellant,**

v.

**VETERANS ADMINISTRATION,**
**Appellee.**

**No. 26891.**

United States Court of Appeals,
Ninth Circuit.

Sept. 29, 1971.

Howard Lewis Sanders, in pro. per.

James L. Browning, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, BROWNING and CARTER, Circuit Judges.

PER CURIAM:

Howard Lewis Sanders, proceeding in propria persona, commenced this action against the Veterans Administration. He asserted district court jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Attached to his complaint was a motion for leave to proceed in forma pauperis.

The record does not indicate that the district court acted upon the motion to proceed in forma pauperis, nor was process issued and served. Instead, the district court, proceeding *sua sponte*, entered an order dismissing the action, ap-

parently with prejudice, on the ground that "the complaint fails to state facts sufficient to constitute a cause of action or upon which the court can grant any relief. \* \* \*" Plaintiff, who is a California state prisoner, was not given notice that dismissal of the action was in contemplation and had no opportunity to file a memorandum in opposition to such action. The district court did not state reasons why the complaint fails to state a claim, and dismissal of the action precluded plaintiff from filing an amended complaint.

In all of these respects, plaintiff was not accorded the procedural rights to which he was entitled. *See* Potter v. McCall, 433 F.2d 1087 (9th Cir. 1970), and cases there cited. A sense of "fair play" and considerations of judicial economy dictate that the procedures outlined in *Potter* be followed. Had plaintiff been told why his complaint was deficient perhaps he would not have appealed, and had process been issued and served, the appeal we have would not have been *ex parte*. There is no answering brief and, so far as we know, defendant Veterans Administration knows nothing about this lawsuit.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.