ion of Fischer, and we cannot hold that the court erred in basing its finding and conclusion thereon. It follows that defendant's devices wherein the apex of the cone comes within one inch of the inlet opening of the vibrating material-receiving means, infringe; otherwise, they do not.

Finally, plaintiffs argue that if the agitating means were lowered from one inch below the inlet to halfway down from the inlet, the combination would function in substantially the same way to obtain substantially the same result. This argument is based on the doctrine of equivalents, and, if accepted, would emasculate or negate the doctrine of file wrapper estoppel. We know of no authority, and doubt if there is any, which would support this argument.

The judgment of the district court adjudicating and decreeing the claims of the patent in suit invalid and dismissing plaintiffs' complaint for infringement thereof is

Affirmed.

Roland S. Barcume, Newport Beach, Cal., for defendant-appellant.

Evelle J. Younger, Cal. Atty. Gen., William E. James, Asst. Atty. Gen., Howard J. Schwab, Deputy Atty. Gen., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, DUNIWAY and TRASK, Circuit Judges.

**PEOPLE OF the STATE OF CALIFORNIA, Plaintiff-Appellee,**

v.

**William Monroe VICK, Defendant-Appellant.**

No. 71–1898.

United States Court of Appeals, Ninth Circuit.

Nov. 19, 1971.

PER CURIAM:

Appellant petitioned under 28 U.S.C. § 1443(1) to remove a state criminal prosecution pending against him. On February 2, 1971, we reversed the district court's order denying the petition and remanded the case on procedural grounds. People v. Pobuta, 9 Cir., 1971, 437 F.2d 1200. At a "Hearing on Filing and Spreading Judgment of Court of Appeals," it appeared that petitioner was a member of the Marines and was then in Viet Nam. The State's Deputy Attorney General assured the court that petitioner could not be prosecuted in absentia. The court entered an order that the petition "be dismissed without prejudice to renewal if and when petitioner returns from military duty in Viet Nam." Petitioner again appeals.

Assuming, without deciding, that the order is appealable, we hold that the district court did not abuse its discretion in dismissing the petition to await resumption of the state court's jurisdiction over petitioner. In effect, the order simply stayed the federal proceedings until such time as they may be necessary. Considering "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," we find no misuse of that power. Landis v. North Am. Co., 1936, 299 U.S. 248, 254–255, 57 S.Ct. 163, 81 L.Ed. 153. See Chronicle Pub. Co. v. N. B. C., 9 Cir., 1961, 294 F.2d 744. Under 28 U.S.C. § 1446(c), a "petition for removal of a criminal prosecution may be filed at any time before trial."

Affirmed.

**UNITED STATES of America,
Appellee,**

v.

**ONE 1968 INTERNATIONAL HARVES-
TER FARMALL–TRACTOR, MODEL
NO. 140, SERIAL NO. 36726JKK, Appel-
lant.**

No. 71–1485.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 5, 1971.

Decided Dec. 14, 1971.

John H. Vernon, III, Burlington, N. C. (Vernon & Vernon, Burlington, N. C., on brief), for appellant.

William L. Osteen, U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and FIELD, Circuit Judges.

PER CURIAM:

In a proceeding to forfeit an International Harvester Farmall-Tractor because of its use in violation of the alcoholic beverage tax laws, Graham Production Credit Association (Graham) claimed the vehicle, alleging that it was the holder of a chattel mortgage on the vehicle. It was stipulated that the mortgagor had a reputation of at least five years' duration for dealing in nontax-paid liquor, that this reputation was known to the A.B.C. Law Enforcement Office for the county of mortgagor's residence, that the reputation was not known to Treasury agents having jurisdiction, and that the reputation was not known to the County Sheriff's office but