Frank J. TOMASINO, Petitioner-Appellant,

v.

PEOPLE OF the STATE OF CALIFORNIA, Respondents-Appellees.

No. 71-1076.

United States Court of Appeals, Ninth Circuit.

Nov. 11, 1971.

Rehearing Denied Dec. 16, 1971.

Merrill, Circuit Judge, dissented and filed opinion.

John N. Frolich (argued), Los Angeles, Cal., for petitioner-appellant.

Joseph P. Busch, Jr., Dist. Atty. of L. A. County, Harry Wood, Head, Appellate Div., Robert J. Lord, Deputy Dist. Atty., Los Angeles, Cal., for respondents-appellees.

Before MERRILL, KILKENNY and TRASK, Circuit Judges.

PER CURIAM.

While awaiting trial in state court, Tomasino filed a petition in the United States District Court for removal of his criminal prosecution to the federal court pursuant to 28 U.S.C. § 1443(1). He claimed that the statute under which he was being prosecuted (Cal.Veh.Code § 23101) was violative of the equal protection clause because punishment for any particular act could vary from that for a felony (a prison term) to that for a misdemeanor (a jail term plus a fine), depending upon the "whim or caprice" of the court.

The State was ordered to respond, and, upon doing so, moved to remand the case to the state courts. A copy of the response, the motion and a proposed order were served upon Tomasino by mail the same day. The following day, without offering appellant an opportunity to respond to the state's motion to remand, the district judge ordered the cause re-manded because the petition for removal failed to state a claim under § 1443(1).

Relying on People v. Pobuta, 437 F.2d 1200 (9th Cir. 1971); Potter v. McCall, 433 F.2d 1087 (9th Cir. 1970); and Harmon v. Superior Court, 307 F.2d 796 (9th Cir. 1962), the appellant seeks reversal. *See also* Sanders v. Veterans Administration, 450 F.2d 955 (9th Cir. Sept. 29, 1971). We do not depart from the decisions announced in those cases.

■■ But, there are also complaints filed where under no conceivable stretch of the imagination could a proper claim be stated on amendment. *See* Perdue v. Supreme Court of United States, 439 F.2d 806 (9th Cir. 1971). Although *Perdue* is not a § 1443 case, it clearly illustrates the distinction we make here. Likewise, this complaint did not state a cause of action. Were the motion to remand to be heard and amendment permitted, it would still not state a claim upon which relief could be granted. Schneider v. California, 427 F.2d 1178 (9th Cir. 1970), appeal dismissed, cert. denied, 401 U.S. 929, 91 S.Ct. 925, 28 L.Ed.2d 209 (1971). Under those circumstances, we do not believe that the appellant is deprived of constitutional rights nor is the administration of justice served by requiring the district court to perform a useless exercise. *See* Greenwood v. Peacock, 384 U.S. 808, 832, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

The order of the district court is affirmed.

MERRILL, Circuit Judge (dissenting):

I dissent and would remand to the District Court on the authority of People v. Pobuta, 437 F.2d 1200 (9th Cir. 1971), for a hearing on appellant's contentions respecting the propriety of removal. I disagree with the majority in its assertion that the administration of justice would not be served by such action.

I do not approve of our sanctioning *ex parte* action of this sort and do not approve of making this exception to the *Pobuta* rule, narrow though it may be.

*Ex parte* action here has forced the aggrieved party to take an appeal in order that his contentions may have judicial consideration. It has forced this court to give consideration to those contentions in the first instance. In my view the administration of justice would be served by our making clear to the District Court that our function is to review its rulings upon appellant's contentions. This we can hardly do when appellant has had no opportunity to be heard.

I would suggest to the district courts that, notwithstanding the result here, the better course is to grant a hearing. In future cases panels of this court may not find the answer on the merits to be as obvious as was the case here.