**Charles Edward DAVIS, Plaintiff-Appellant,**

v.

**SUPERIOR COURT OF the STATE OF CALIFORNIA, etc., et al., Defendants-Appellees.**

No. 72-1245.

United States Court of Appeals, Ninth Circuit.

July 11, 1972.

Charles Edward Davis, in pro. per.

Joseph P. Busch, Jr., Chief Deputy Dist. Atty., Los Angeles, Cal., for defendants-appellees.

Before HAMLEY, DUNIWAY and WRIGHT, Circuit Judges.

DUNIWAY, Circuit Judge:

Davis was charged by the State of California with violation of Sections 12021 and 12031(a) of its Penal Code, which make it criminal for a convicted felon to own or possess a concealable firearm, or to carry such a firearm in a vehicle on a public street. He removed the action to the District Court under 28 U.S.C. § 1443(1). Two days later, the court, *sua sponte*, ordered the proceeding remanded to the California court.

It is clear that the petition for removal does not state any ground for removal of this state criminal case. Such removal is proper *only* if the petitioner asserts, "as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights." People of State of California v. Sandoval, 9 Cir., 1970, 434 F.2d 635, 636. There is no such assertion here. On the contrary, the only claim is that Davis' prior convictions are invalid for various specific reasons, none remotely related to the protection of equal racial civil rights, that Davis has pending habeas corpus proceedings in the District Court to test the validity of those convictions, and that the state court declines to recognize the pendency of those proceedings as a ground for continuance or a defense to the prosecution.

Davis now urges that the case should not have been remanded without giving him notice, an opportunity to be heard, and an opportunity to amend, if necessary. He relies on a number of our decisions: Sanders v. Veterans Administration, 9 Cir., 1971, 450 F.2d 955; People of State of California v. Pobuta, 9 Cir., 1971, 437 F.2d 1200; Potter v. McCall, 9 Cir., 1970, 433 F.2d 1087; Dodd v. Spokane County, 9 Cir., 1968, 393 F.2d 330; Armstrong v. Rushing, 9 Cir., 1965, 352 F.2d 836; Harmon v. Superior Court, 9 Cir., 1962, 307 F.2d 796. All of these cases except *Pobuta* were civil rights actions filed in the District Court. They differ from the present case in one important respect. The spectrum of possible claims for relief

under the Civil Rights Act is as broad as the entire spectrum of federal constitutional rights. Thus it is fair to say, as we did in *Harmon*, that "[t]he court cannot know, without hearing the parties, whether it may be possible for appellant to state a claim entitling him to relief, however strongly it may incline to the belief that he cannot." (307 F.2d at 798).

 Removal of a state prosecution to the federal court under § 1443(1) is quite different. In such a case, the ground for removal is both specific and extremely narrow. Thus in many cases it is quite possible for the court to know, from an inspection of the petition, that the petition cannot state a ground entitling him to remove. Nevertheless, in *Pobuta, supra*, we applied the principle of *Harmon* in a removal case, and reversed. If *Pobuta* stood alone, we would be obliged to follow it, and to reverse. *Pobuta*, however, has been narrowly limited in Tomasino v. People, 9 Cir., 1971, 451 F.2d 176. There, in another case involving removal of a state prosecution we held that a court may remand, without a hearing, in cases in which, "under no conceivable stretch of the imagination could a proper claim be stated on amendment." 451 F.2d at 177. This is such a case. There is no slightest hint of a proper ground for removal in the petition. There is none in Davis' brief on appeal. We cannot imagine how Davis could amend to bring his case within the rule in *Sandoval, supra*. Davis does not claim that he can; he asks us to reverse on grounds other than those permissible under *Sandoval*. Thus *Tomasino* and not *Pobuta* controls.

We think that there are good reasons for not always applying the *Harmon* rule in the case of removal of a state prosecution. A petition for removal takes effect when filed; it may be filed "at any time before trial" (28 U.S. C. § 1446(c)); it brings the state prosecution to an immediate halt. It ought not to be permitted to do so when it is perfectly apparent that the very narrow ground for removal not only is not, but cannot conceivably be stated. We follow *Tomasino* here, but confine the rule that it states to cases involving removal of state prosecutions. We think that this best accords with the court's rationale in Greenwood v. Peacock, 1966, 384 U.S. 808, 832–835, 86 S.Ct. 1800, 16 L.Ed.2d 944. There should be, under the statute, the least possible interference with state prosecutions that is consistent with sustaining the objectives of the removal statute.

Affirmed.