James G. **JOHNSON** and Barbara A. Johnson, Petitioners-Appellants,

v.

The **PEOPLE OF** the **STATE OF CALIFORNIA** et al., Respondents-Appellees.

No. 72–1664.

United States Court of Appeals,
Ninth Circuit.

Jan. 3, 1973.

John N. Frolich, Los Angeles, Cal., for petitioners-appellants.

Evelle J. Younger, Atty. Gen., Herbert L. Ashby, Chief Asst. Atty. Gen., William E. James, Asst. Atty. Gen., Nancy S. Reller, W. Eric Collins, Deputy Attys. Gen., Frederic M. Hanelt, Deputy Dist. Atty., San Francisco, Cal., for respondents-appellees.

Before BROWNING, ELY and WALLACE, Circuit Judges.

PER CURIAM:

 In state court proceedings, the Johnsons were charged in Alameda County, California, with fifteen counts of grand theft, violations of section 487 of California's Penal Code. Having sought unsuccessfully to challenge the prosecutions in California's appellate courts, they removed the actions to the District Court. They were also charged with state criminal offenses of a similar type in the Superior Court of Contra Costa County, California. Petitions to bar these prosecutions were also denied by California's appellate courts, and they, too, were removed to the District Court. The District Court remanded the proceedings to the state court. This Order was correct, and it is affirmed under the authority of 28 U.S.C. § 1443, Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), and Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). The appellants also urged that the state statutes under which the appellants were charged were violative of the federal constitution and sought the convening of a three-judge District Court for the purpose of considering that contention. Appellants asserted, in effect, that the state statutes under which they were being tried offended the equal protection clause insofar as state courts were invested with discretion to impose different punishments for the same acts, committed by different people in similar situations. Since this precise issue has been recently resolved against appellants' contention in our court, Tomasino v. California, 451 F.2d 176 (9th Cir. 1971) ; Schneider v. California, 427 F.2d 1178 (9th Cir. 1970), the district judge was not obliged to convene a three-judge court to resolve the

claim. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). *Cf.* California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938).

Affirmed.