**Walter BELL, Jr., Plaintiff-Appellant,**

v.

**The Honorable Judge George D. TAYLOR, and District Attorney Tom Hanna for Jefferson County, Texas, Defendants-Appellees.**

No. 74–3805
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 17, 1975.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Tom Hanna, Crim. Dist. Atty., Jefferson County, Stephen M. Rienstra, Beaumont, Tex., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Bell seeks to remove his state prosecution for two counts of capital murder and one count of attempting to pass a forged instrument to federal court under 28 U.S.C.A. § 1443, claiming that the alleged refusal of the state trial judge to give him sufficient time to analyze certain physical evidence in the prosecution's possession was the product of racial prejudice. The district court dismissed the petition without a hearing and remanded the prosecution to the state courts. We affirm.

In Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, the Supreme Court formulated two prerequisites to removal under 28 U.S.C.A. § 1443(1): [1] (a) the person seeking removal must rely on a specific civil right granted by a law stated in terms of racial equality, and (b) must show that denial of this right would necessarily occur in state court due to the operation of a formal expression of state law.

Bell satisfies neither prerequisite. No federal statute authorizes or immunizes the conduct with which he is charged. Greenwood v. Peacock, 1966, 384 U.S. 808, 826–27, 86 S.Ct. 1800, 16 L.Ed.2d 944. Moreover, far from alleging a deprivation of rights arising from the operation of state law, Bell contends that the state court's action was taken in derogation of his rights under state law.

Bell finally argues that it was error for the district court to dismiss his petition without a hearing. We disa-

Jesse R. Funchess, Houston, Tex., for plaintiff-appellant.

1. 28 U.S.C.A. § 1443(2) is inapplicable because it covers only federal officers and those acting under them. Greenwood v. Peacock, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944.

810

gree. When it plainly appears that the allegations of the petition, even if true, are legally insufficient to state a ground for removal, no hearing into their factual merit is required. Davis v. Superior Court of California, 9 Cir. 1972, 464 F.2d 1272.

Affirmed.