**LANDMARK TOWER ASSOCIATES, limited partnership, Plaintiff,**

v.

**FIRST NATIONAL BANK OF CHICAGO and FNBC Properties, Inc., a Delaware Corporation, Defendants.**

No. 77–3827–Civ–JLK.

United States District Court,
S. D. Florida,
Miami Division.

Oct. 7, 1977.

William D. Hyatt, Miami, Fla., for plaintiff.

Hugo L. Black, Jr., Miami, Fla., for defendants.

ORDER

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the petition of defendant for removal; upon the motion of defendant to dismiss for lack of venue; and upon the motion of defendant to dismiss. The court, having considered the record and being fully advised in the premises, finds and concludes that the motion to dismiss for lack of venue should be denied and that the petition for removal and the motion to dismiss should be granted.

1. *Petition for Removal*:

In order to determine whether the requirements of removal have been met, this court must determine whether the present case is one which would have been within this court's jurisdiction initially. Thus, this court can only consider those claims and parties that are part of the complaint. However, in reaching an understanding of the nature of the complaint, this court should be guided by the principle that " 'in practice, the federal courts usually do not limit their inquiry to the face of plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal.' " *Villareal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976).

In the present case, defendant asserts without contradiction that there are two defendants: the First National Bank of Chicago and FNBC Properties, Inc. The former is a national banking association organized under the laws of the United States with its principal place of business in Illinois. Under 28 U.S.C. § 1348, national banks not chartered by any state are deemed citizens of the states in which they are located. *See Fulton National Bank of Atlanta v. Hozier*, 267 U.S. 276, 45 S.Ct. 261, 69 L.Ed. 609 (1925). Thus, the First National Bank of Chicago is a citizen, for diversity purposes, of the state of Illinois. The latter defendant, FNBC, is a corpora-

tion organized under the laws of Delaware with its principal place of business in Illinois. Both defendants are not citizens of Florida or New York.

■ As to the citizenship of the plaintiff, defendant's uncontested allegations are as follows. Plaintiff is a limited partnership, organized under the laws of Florida. Its principal place of business is in Florida. Its general partner is a Florida corporation with its principal place of business in Florida. Finally, its limited partner is a citizen of New York. Thus, there is complete diversity between plaintiff and the two defendants.

It remains for this court to determine whether the requisite jurisdictional amount is present in this case. Plaintiff, in the complaint filed in state court, placed no figure upon its prayer for damages and equitable relief. However, it did append several documents to the complaint. One of those documents is, as described by plaintiff, plaintiff's alleged offer of sale. The purchase price for the land, as it appears on the face of this offer, is $3,100,000—clearly in excess of the required $10,000 jurisdictional amount under 28 U.S.C. § 1332.

It appears from the above discussion that this case could have been brought initially in this court. Thus, it is eligible for removal. As to the other requirements of removal, defendant has also satisfied them. First, all of the defendants named by plaintiff have joined in the petition for removal. Second, none of the defendants are citizens of the state where plaintiff brought this action (i. e. Florida). Finally, diversity existed at the time the complaint was filed *and* at the time removal was sought.

### 2. *Motion to Dismiss for Lack of Venue* :

Defendant First National Bank of Chicago asserts that because it is a national bank, it can only be sued in the district where it is located. Although 12 U.S.C. § 94 would appear to support this contention on its face, the Supreme Court has held that it is inapplicable to actions which are *local* in nature. *See Casey v. Adams*, 102 U.S. 66, 26 L.Ed. 52 (1880).

■ This court must determine whether the present action is local or transitory. In reaching this determination, this court will look to state law. *See Chateau Lafayette Apartments, Inc., v. Meadow Brook National Bank*, 416 F.2d 301 (5th Cir. 1969).

■ The present action primarily entails a request for specific performance of a contract to convey realty. The plaintiff asks this court to order defendants to convey property—not to pay money. This is a suit by the vendee, not the vendor.

In *Sales v. Berzin*, 212 So.2d 23 (Fla. 4th DCA 1968), a Florida court decided that a suit by a vendee to compel transfer of title to real property is local in nature. It distinguished such a suit from one by a vendor to compel payment under a contract for the sale of realty.

Therefore, the action before this court is local in nature and 12 U.S.C. § 94 is not applicable.

### 3. *Motion to Dismiss* :

■ Motions to dismiss are not easily granted. They are to be carefully scrutinized, weighing doubts in favor of nondismissal. This court is guided by the standards elucidated by the Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957):

> in appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

However, in the case *sub judice*, this court is confronted with pleadings which themselves present an affirmative defense—the Statute of Frauds.

■ It should be noted, as a preliminary matter, that in reaching a determination on a Rule 12(b)(6) motion, this court may consider the allegations contained in the complaint and any exhibits attached thereto. 5 Wright and Miller, *Federal Practice and Procedure*, § 1357. As evidence of the con-

tract which is so pivotal in the present suit, plaintiff attached "Exhibit 3" to its complaint. Plaintiff explained this exhibit as follows: "Defendant bank then caused its legal counsel to reduce this agreement to writing in a letter memorandum signed on behalf of defendant bank by such counsel. . . . A copy of this letter memorandum is attached as Exhibit '3'."

 Under the Statute of Frauds in Florida,

the rule is well settled that the written memorandum of a contract for the sale of land must contain the essential elements of the contract. *Carnes v. Harris*, 256 So.2d 237, 238 (Fla. 3rd DCA 1972).

This court follows the Florida rules on matters relating to whether this plaintiff has a viable cause of action. *See Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Plaintiff's Exhibit 3 is the only document supplied as the written evidence of the alleged contract. Exhibit 3 represents a letter sent by defendant's attorney to plaintiff's attorney on June 3, 1977. However, "when written memoranda are relied upon to take a contract for the sale of land out of the statute of frauds, the writings themselves should show the essential elements of the contract." *Rundel v. Gordon*, 92 Fla. 110, 111 So. 386, 389 (1927). The memoranda in the present case suffers from several defects in this regard.

First, the alleged "contract" is entitled *"Possible Acquisition and Sale."* Second, this document states, inter alia, that

Because of the several complicating factors involved, not the least of which is the lack of time, it will be virtually impossible to establish a commitment arrangement between our respective clients. Nonetheless, it is appropriate that we proceed on the basis that both parties assume that *when* the closing date arrives, we *will* have satisfactorily resolved all issues and problems so that in effect we could consider that a commitment was made and its terms consummated simultaneously with the closing. (emphasis added)

Finally, and perhaps of greatest significance, this letter memorandum closes with the following lines:

There are other details that will have to be considered and agreed upon as we get deeper into the situation. Among those items are a definite fixing of the time and place of closing, the expenses of closing . . . etc. . . . I trust that this letter will inform you sufficiently of the *status of negotiations* so that you and your clients may be in a position to proceed. (emphasis added)

Florida law is determinative of whether this letter could be evidence of a contract. This court borrows from a Florida court opinion relating to a similar situation:

nor does the letter, when considered as a whole, contain the elements of a contract actually entered into, but it only evidences a proposal that was apparently not fully understood and not finally agreed upon by the two companies. *Ocala Cooperage Co. v. Florida Cooperage Co.*, 59 Fla. 390, 52 So. 13, 15 (1910).

In a rehearing on the same matter, the *Ocala* court determined that the letter proffered as evidence of a contract in that suit "does not contain a statement of the completed contract . . . but evidences the pendency of negotiations . . . . There being no completed agreement between the parties, there is no cause of action as alleged." *Ibid.*, at 16.

This court finds that the letter-memorandum submitted by plaintiff suffers from a similar defect. Therefore, it is

ORDERED AND ADJUDGED that the motion to dismiss for lack of venue be and the same is hereby denied. It is further

ORDERED AND ADJUDGED that the petition for removal and the motion to dismiss be and the same are hereby granted. This action is therefore dismissed without prejudice.

DONE AND ORDERED in chambers at Miami, Florida, this 10th day of October, 1977.