Robert A. **WRIGHT**, Plaintiff,

v.

**CONTINENTAL CASUALTY COMPANY**, Defendant.

No. 78–381–Orl–Civ–Y.

United States District Court,
M. D. Florida,
Orlando Division.

Sept. 14, 1978.

David M. Hammond, Meyers, Mooney & Adler, P. A., Orlando, Fla., for plaintiff.

Walton B. Hallowes, Jr., Wells, Gattis & Hallowes, P. A., Orlando, Fla., for defendant.

## MEMORANDUM OPINION

GEORGE C. YOUNG, Chief Judge.

This cause came before the Court for hearing on the plaintiff's response in oppo-

sition to the defendant's petition for removal grounded on diversity. Plaintiff has opposed the removal of his case to this Court on two grounds. First, plaintiff contends that in determining the amount in controversy for purposes of deciding whether jurisdiction to remove a case exists under 28 U.S.C. §§ 1332 and 1441(a) the Court must look only to the allegations in the plaintiff's complaint and not to the allegations in the defendant's petition for removal. Second, the plaintiff argues that because the defendant corporation has registered to do business in the State of Florida and has thereby agreed to accept service of process through the state insurance commissioner pursuant to state law, the defendant has waived its right to remove cases from the Florida courts.

The plaintiff's complaint, originally filed in the state circuit court, alleges damages in an amount in excess of $2,500.00 as is permitted by Florida procedure. From the face of the complaint it is not evident therefore whether the amount in controversy in this cause exceeds $10,000.00 or not. The defendant's petition for removal, however, alleges that the matters in dispute herein exceed the sum of $10,000.00 exclusive of interest and costs.

The plaintiff has not filed a motion to remand the case. Such a motion would put in issue the factual question of whether or not more than $10,000.00 is in dispute. Instead, the plaintiff has argued that as a matter of law the Court may not consider the allegations in the petition for removal, if the complaint fails to disclose the amount in controversy. The complaint in this case does fail to disclose whether the amount in controversy exceeds $10,000.00, but the petition for removal affirmatively alleges that more than $10,000.00 is at issue.

Turning first to Professor Wright's treatise, the Court finds that:

"There are cases that say that the grounds for removal must appear on the face of the complaint, unaided by reference to the other pleadings or to the petition for removal. It is entirely clear, however, that this is not the rule . . .

Thus the citizenship of the parties will not normally be set forth in a state court complaint, and the defendant, seeking to remove on the basis of diversity, must be permitted to show these facts in his petition. In some circumstances the complaint will not sufficiently disclose the jurisdictional amount, and the petition must be used for this purpose. [footnotes omitted]

C. Wright, *Federal Courts* 163–64 (3rd ed. 1976); *See also* 1A Moore's Federal Practice ¶ 0.168 [3.–4] at 459–60 (2d ed. 1974). In support of this conclusion Professor Wright refers in a footnote to the decision rendered by the Fifth Circuit in *Gaitor v. Peninsular & Occidental Steamship Company*, 287 F.2d 252 (5th Cir. 1961). The mere fact that the complaint "is couched in nebulous mathematical phraseology" does not deprive a defendant of his right to remove a case if the defendant can allege in his petition for removal that all the requisite factors of diversity jurisdiction, including the amount in controversy, exist at the time of removal. 287 F.2d at 255.

Once the defendant has alleged specifically in his petition for removal each of the factors necessary to establish jurisdiction in the federal court, then the case is properly before the federal court. Removability is determined by the allegations of the complaint if it adequately alleges the amount in controversy; but, if it does not, then the Court may look to the petition for removal. *Davenport v. Procter & Gamble Manufacturing Co.*, 241 F.2d 511, 514 (2d Cir. 1957). Looking to the petition in the case at bar the Court finds it adequately establishes that diversity jurisdiction exists.

For purposes of clarification, the Court must distinguish the present case from those cases in which the plaintiff files a motion for remand and expressly denies one or more material allegations of the defendant's petition for removal. Where the petition for removal alleges facts, which, if true, are legally insufficient, when considered along with the allegations of the complaint, to establish the existence of federal jurisdiction, then the case must be re-

manded forthwith. The defendant bears the initial burden of adequately alleging jurisdiction on removal. No hearing is necessary. *Bell v. Taylor*, 509 F.2d 808 (5th Cir. 1975).

■ But if the allegations of the petition for removal are legally sufficient on their face to justify removal and the plaintiff by means of motion to remand denies any of the allegations, then a factual determination is necessary. *Kaslo v. City of Meridian, Mississippi*, 360 F.2d 282 (5th Cir. 1966). Once the plaintiff has put the allegations of the defendant's petition for removal at issue by denying them specifically in a motion to remand, then the burden of proof is upon the defendant to come forward with evidence to prove the allegations contained in the removal petition. *McNutt v. General Motors Acceptance Corporation*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

■ Depending on the posture of the case in the state court and the jurisdictional questions involved, a hearing may be necessary to determine if the allegations of the petition for removal are true. By means of interrogatories, requests for admissions, or other written documents the defendant may be able to establish the veracity of the material allegations in its petition for removal that have been denied by the plaintiff in its motion to remand. If so, then no hearing is necessary.

■ In the case at bar the defendant filed a request for admission regarding the amount of damages claimed. At the hearing on the petition for removal, the plaintiff's counsel conceded that the plaintiff is seeking damages in excess of $10,000.00 and admits that fact. This admission is sufficient to support the defendant's allegation in its petition for removal that more than $10,000.00 is at issue. The defendant adequately proved the material allegations in its petition.

■ But as pointed out above, the defendant in this case was not legally required to prove the allegations of its petition for removal, because the plaintiff never specifically denied them. Plaintiff has relied on a statement in the district court opinion in *Bonnell v. Seaboard Air Line Railroad Company*, 202 F.Supp. 53 (N.D.Fla. 1962) to the effect that the jurisdictional amount is that amount claimed in the plaintiff's complaint and not that which is alleged in the defendant's petition for removal. Consideration of the facts set forth in the *Bonnell* opinion show this statement to be dictum, however. Judge Carswell was concerned in *Bonnell* with the proper time for removal of a case. *Bonnell* does not address the question of the propriety of a defendant alleging facts in its petition for removal that are necessary to supplement the allegations of the plaintiff's complaint in order to demonstrate the existence of federal jurisdiction.

■ Allegations in the defendant's petition for removal, if not contradicted by the allegations of the complaint, are alone sufficient to establish prima facie the existence of federal jurisdiction. The mere fact that the plaintiff's complaint is silent as to some fact necessary to establish federal jurisdiction, such as the amount in controversy, does not preclude removal of a case by the defendant. *Electronic Data Systems Corporation v. Kinder*, 360 F.Supp. 1044 (N.D. Tex.1973), aff'd on other grounds, 497 F.2d 222 (5th Cir. 1974). Of course, as pointed out above, if the plaintiff denies any material allegations contained in the petition for removal, then the burden rests with the defendant to prove them.

Having been forced to concede that more than $10,000.00 is in controversy in this case, the plaintiff makes a second argument in opposition to removal of the case to this Court. Plaintiff contends that because the defendant has complied with applicable Florida statutes and qualified to do business as a foreign insurance corporation in Florida, it has thereby consented to be sued in the state courts and is estopped from removing a case to federal court. Counsel for plaintiff is unable to offer any authority in support of this argument, but reasons that under equitable principles of estoppel the defendant corporation should be deemed to have waived any right to have cases filed

against it in Florida's state courts litigated in federal court.

Plaintiff has pointed out that jurisdictional statutes are to be narrowly construed because federal courts are courts of limited jurisdiction. Despite this fact no proper construction of the removal statutes in conjunction with the statute providing for diversity jurisdiction would permit this Court to find that the defendant has waived its right to removal of Florida cases to a federal court. The mere fact that the defendant corporation has agreed to accept service of process made upon the Insurance Commissioner of Florida as its agent is not sufficient to override the express provisions of 28 U.S.C. §§ 1332 & 1441–1451 as currently in effect after having been enacted by the Congress. The Supreme Court has held that even though diversity cases such as the one at bar are often removed by defendants solely to delay the completion of the action by the plaintiff, the district courts have no authority to order remand of such cases. *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

The plaintiff's response in opposition to the defendant's petition for removal must therefore be denied. Separate order will be entered in accordance herewith.