**Patricia WOOLARD, Plaintiff,**

v.

**HEYER–SCHULTE, et al., Defendants.**

**No. 92–8176–CIV.**

United States District Court,
S.D. Florida.

May 13, 1992.

Richard D. Schuler, Schuler, Wilkerson, Halvorson & Williams, P.A., West Palm Beach, Fla., for plaintiff.

Marie LeFere, Holland & Knight, Fort Lauderdale, Fla., for defendants.

## ORDER DENYING MOTION TO REMAND

PAINE, District Judge.

This matter comes before the Court upon Plaintiff's Motion to Remand (DE 2), following a Notice of Removal (DE 1).

### Background

On January 31, 1992, Plaintiff, PATRICIA WOOLARD ("WOOLARD"), filed a Complaint in the Circuit Court for the Fifteenth Judicial Circuit against nineteen corporate Defendants, alleging various causes of action for damages suffered in connection with silicone breast implants. On March 24, 1992, prior to service upon any Defendant, DOW CHEMICAL COMPANY ("DOW") filed a Notice of Removal, basing federal jurisdiction on diversity of citizenship. WOOLARD thereafter filed a Motion to Remand and Incorporated Memorandum of Law (DE 2). While not disputing the truth of DOW's allegations, WOOLARD asserts that, because the prerequisites for diversity jurisdiction were not clear from the face of the Complaint, removal is improper.

### Analysis

■■■ A defendant may remove a state court proceeding to federal court if (i) the matter in controversy exceeds $50,000.00, (ii) the action is between citizens of different states, and (iii) none of the removing defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. §§ 1332(a), 1441(b). It is indisputable that the Complaint, on its face, lacks these necessary jurisdictional allegations. For example, the citizenship [1] of the parties is not mentioned. WOOLARD essentially argues that DOW, in its removal papers, cannot

supply the missing elements required to establish federal diversity jurisdiction. The undersigned rejects this argument, although the following discussion illustrates a surprising and disappointing lack of clarity in the applicable law.

#### a. *Gaitor* Bait

The earliest relevant precedent cited by WOOLARD is *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252 (5th Cir.1961).[2] Yet in *Gaitor*, the Fifth Circuit held only that the defendants "did not make [an] affirmative showing [of federal jurisdiction] at the time they sought removal to federal court," and wrote:

> This is not to say that a defendant seeking to remove in a proper diversity case is to be denied access to federal court merely because the complaint against him is couched in nebulous mathematical phraseology, but, in such case, as here, the key to the door is an *affirmative showing by he who seeks entry* of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted.

287 F.2d at 254–55 (emphasis added). *Gaitor* has, in fact, been cited by Professor Wright for the proposition that

> [T]he citizenship of the parties will not normally be set forth in a state court complaint, and the *defendant*, seeking to remove on the basis of diversity, *must be permitted to show these facts in his petition.* In some circumstances the complaint will not sufficiently disclose the jurisdictional amount, and the petition must be used for this purpose.

C. Wright, *Federal Courts* 163–64 (3d Ed. 1976) (emphasis added).

#### b. A *Landmark* Decision

In *Winters Gov't Sec. Corp. v. Cedar Point State Bank*, 446 F.Supp. 1123

---

**1.** For diversity purposes, allegations of an individual's "residency" do not establish his "citizenship." Moreover, under the principles of corporate "dual citizenship," 28 U.S.C. § 1332(c), the plaintiff must allege the corporate defendant's state of incorporation *and* location of its principal place of business. *E.g., Kerstetter v. Ohio Casualty Ins. Co.*, 496 F.Supp. 1305, 1307 (E.D.Pa.1980).

**2.** The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

(S.D.Fla.1978) and *Winters Gov't Sec. Corp. v. NAFI Employees' Credit Union,* 449 F.Supp. 239 (S.D.Fla.1978), Judge King acknowledged a split of authority on this issue:

> [O]ne line of authority indicates that if the complaint filed in state court is not removable, the petition for removal cannot supply missing elements required to establish federal jurisdiction. Case law supporting this proposition leads to the conclusion that the first determination which must be made in consideration of the issue before this court is whether the state court complaint was removable on its face.
>
> .  .  .  .  .
>
> Alternatively, there is also strong authority to support the proposition that the petition for removal itself must be considered in determining whether federal jurisdiction exists.

*Cedar Point,* 446 F.Supp. at 1125–26; *NAFI,* 449 F.Supp. at 241–42 (citations omitted). The Judge did not endorse a particular line of authority, noting that the removing defendants failed under *either* test.

Just a year earlier, however, Judge King had written that "this court should be guided by the principle that 'in practice, the federal courts usually do not limit their inquiry to the face of plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal.'" *Landmark Tower Assoc. v. First Nat'l Bank of Chicago,* 439 F.Supp. 195, 196 (S.D.Fla.1977), quoting *Villarreal v. Brown Express, Inc.,* 529 F.2d 1219, 1221 (5th Cir.1976). Because the defendant's "uncontested allegations" established diversity, removal was permitted. 439 F.Supp. at 197.

#### c. Running up that *Hill*

WOOLARD cites Judge Zloch's recent remand orders in four related breast implant cases[3] (collectively referred to as *Johnson*) as holding that the court must look only to the face of the complaint. The orders are, however, unclear as to the scope of inquiry. While the Judge states that "the facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint," *Johnson,* slip op. at 4, he also expressly conducted "[a] review of the Complaint *and the Joint Notice of Removal." Id.* at 2 (emphasis added). Moreover, in *Hill v. General Motors Corp.,* 654 F.Supp. 61, 62–63 (S.D.Fla.1987), Judge Zloch acknowledged that the defendant can supply the necessary jurisdictional allegations: "a petition for removal that fails to contain an allegation of a defendant corporation's dual citizenship is defective."

#### d. The *Wright* Stuff

In *Wright v. Continental Casualty Co.,* 456 F.Supp. 1075 (M.D.Fla.1978), Chief Judge Young, following a detailed discussion of the relevant law, concluded:

> Allegations in the defendant's petition for removal, if not contradicted by the allegations of the complaint, are alone sufficient to establish prima facie the existence of federal jurisdiction. *The mere fact that the plaintiff's complaint is silent as to some fact necessary to establish federal jurisdiction,* such as the amount in controversy, *does not preclude removal of a case by the defendant.* Of course, as pointed out above, if the plaintiff denies any material allegations contained in the petition for removal, then the burden rests with the defendant to prove them.

456 F.Supp. at 1078 (emphasis added) (citation omitted). This approach has been explicitly endorsed by the undersigned. *O'Connor v. Kawasaki Motors Corp.,* 699 F.Supp. 1538, 1541 (S.D.Fla.1988).

*Wright* clearly represents the better reasoned line of cases. Under the legal principle advanced by WOOLARD, a defendant's statutory right to removal would be wholly contingent upon the plaintiff's choice of words. If, for example, a citizen of Florida were suing a citizen of New York in Flor-

---

**3.** *Johnson v. Heyer–Schulte Corporation,* Case No. 92–8132–CIV–ZLOCH; *Roussos v. McGhan Medical Corporation,* Case No. 92–8175–CIV–ZLOCH; *Porter v. McGhan Medical Corporation,* Case No. 92–8171–CIV–ZLOCH; *Davis v. Surgical Specialities, Incorporated,* Case No. 92–8181–CIV–ZLOCH.

ida state court for a million dollars, he could foreclose the possibility of removal simply by omitting any allegation of the defendant's citizenship. As the commentators have written, "[w]ere this the rule, it would be a most undesirable one." Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3734 (2d Ed.1985).

### Conclusion

Based upon the legal analysis embodied in *Wright,* and the uncontroverted allegations of the Notice of Removal, it is hereby

ORDERED and ADJUDGED that Plaintiffs' Motion to Remand (DE 2) is DENIED.

DONE and ORDERED.