Rider Reynolds **LEWIS**, d/b/a **Carpetech Like Dry Cleaning Your Carpets,** Plaintiff,

v.

**AT & T CORP.,** Defendant.

No. 95–6508–CIV.

United States District Court, S.D. Florida.

Sept. 20, 1995.

Rider Reynolds Lewis, Parkland, FL, pro se.

Fred O. Goldberg, Mark A. Cohen, Mark A. Cohen & Associates, P.A., Miami, FL, for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon Plaintiff's Motion to Remand. Defendant filed its response to Plaintiff's motion on July 24, 1995.

In his motion, Plaintiff argues that Defendant's Notice of Removal is deficient in several respects. In short, Plaintiff argues, first, that this Court lacks federal question jurisdiction over the present dispute. Plaintiff next argues that Defendant has failed to carry its burden of proving facts, by a preponderance of the evidence, sufficient to establish this Court's diversity jurisdiction over this matter. Finally, Plaintiff argues that removal cannot be based upon diversity jurisdiction alone.

The Court notes at the outset that Plaintiff's last argument is based upon an incorrect reading of *Baylor v. District of Columbia*, 838 F.Supp. 7 (D.D.C.1993). That case did not hold, as Plaintiff contends, that removal cannot be based solely upon diversity of jurisdiction. Instead, that court merely concluded that the existence of diversity jurisdiction over a third-party claim did not confer removal jurisdiction over the entire case. *Id.* The plain language of 28 U.S.C. § 1441(a) makes clear that removal is appropriate whenever the district court has original jurisdiction. Diversity jurisdiction is original jurisdiction under the Constitution. U.S. Const. art III, § 2, cl. 1.

After reviewing the record in this cause, the Court finds that Defendant's Notice of Removal was sufficient to effect removal of this case. Section 1446(a), Title 28 of the United States Code requires a party seeking removal to file a notice of removal listing all grounds which support the federal court's jurisdiction. The removal procedures are strictly construed because of this Court's limited removal jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Senter v. Sears, Roebuck & Co.*, 712 F.Supp. 179 (S.D.Fla.1989) (Gonzalez, J.); *Cury v. Royal Palm Savings Ass'n*, 713 F.Supp. 388 (S.D.Fla.1989) (Gonzalez, J.). Moreover, when a notice of removal alleges facts which, when considered along with the allegations of the complaint, are insufficient to establish the district court's original jurisdiction, remand is appropriate. *Bell v. Taylor*, 509 F.2d 808 (5th Cir.1975). The defendant bears the initial burden of alleging jurisdiction on removal. *Id.*

Plaintiff asserts in his motion that this Court's jurisdiction, viewed through the lens of the "well pleaded complaint" rule, must be determined solely by reference to the Complaint. While many district courts have followed this approach, it has been rejected by most courts and commentators as being clearly contrary to the law. As noted by Professor Wright:

> There are cases that say that the grounds for removal must appear on the face of the complaint, unaided by reference to the other pleadings or to the petition for removal. It is entirely clear, however, that this is not the rule. . . . Thus the citizenship of the parties will not normally be set forth in a state court complaint, and the defendant, seeking to remove on the basis of diversity, must be permitted to show these facts in his petition. In some circumstances the complaint will not sufficiently disclose the jurisdictional amount, and the petition must be used for this purpose.

C. Wright, *Federal Courts* 163–64 (3rd ed. 1976), *quoted in Wright v. Continental Casualty Co.*, 456 F.Supp. 1075 (M.D.Fla.1978); *See also* 1A James W. Moore et al., *Moore's Federal Practice* ¶ 0.168 [3.–4] at 459–60 (2d ed. 1995); C. Wright, 14A A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3725, 3734 (2d ed. 1985); *Woolard v. Heyer–Schulte*, 791 F.Supp. 294 (S.D.Fla.1992).

■ The Eleventh Circuit Court of Appeals has held that it is appropriate for a federal court to look beyond the face of a complaint in assessing its jurisdiction when a notice of removal is filed. *Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 (11th Cir.1982), *reh'g denied*, 673 F.2d 1342 (11th Cir.1982).[1] Thus, the law of this Circuit makes clear that it is inappropriate for a district court to look only at a plaintiff's complaint when considering its removal jurisdiction.

■ While Plaintiff's Complaint does not contain sufficient allegations to establish this Court's diversity jurisdiction, Defendant's Notice of Removal supplies the missing requisite facts; Defendant alleges that Plaintiff is a citizen of the state of Florida, and that the amount in controversy in this case exceeds $50,000.00 exclusive of interest and costs. Plaintiff has not challenged Defendant's allegations, but instead asserts that Defendant must prove those facts by a preponderance of the evidence. Plaintiff is incorrect:

> Insomuch as the jurisdictional facts alleged in the notice of removal and those otherwise disclosed by the record constitute the basis for federal jurisdiction, if the notice affirmatively shows on its face the necessary jurisdictional facts and these are not contradicted by the record, the motion to remand must challenge these allegations or they will be deemed true. Thus a motion to remand which fails to put in issue the averments of the notice of removal raises only the legal sufficiency of the factual allegations and the party seeking removal is not required to furnish proof of the allegations.

1A Moore's Federal Practice ¶ 0.168[4.–1] at 644–45. Plaintiff has failed to challenge De-

fendant's allegations. Accordingly, his motion to remand must be denied.

The Court has reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** that Plaintiff's Motion to Remand be and the same is hereby **DENIED.**

**DONE AND ORDERED.**

---

1. Orders of remand are generally unappealable under the terms of 28 U.S.C. § 1447(d). Thus, most cases dealing with the proper standard for reviewing notices of removal arise from the district courts. There is, however, an exception to the general rule; when the remand was based upon reasons not authorized in 28 U.S.C. § 1447(c), review is available by way of appeal or writ of mandamus. *In re Surinam Airways Holding Co.*, 974 F.2d 1255, citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). *See also In Re*

the *Administrators of the Tulane Educational Fund*, 954 F.2d 266, 268 (5th Cir.1992). The court of appeals will issue a writ of mandamus "to prevent nullification of the removal statutes by remand orders resting on grounds having no warrant in the law." 423 U.S. at 353, 96 S.Ct. at 594. It is an open question whether purely procedural defects fall into this category. *See, In Re Shell Oil Co.*, 932 F.2d 1518, 1520 (5th Cir. 1991); *Balazik v. County of Dauphin*, 44 F.3d 209, 212 (3d Cir.1994).