Barbara **KUKULKA**, as Next Friend of Scott Kukulka, Plaintiff,

v.

**HOLIDAY CYCLE SALES, INC.**, a Michigan corporation, Griffin Corporation, a Kansas corporation, Suzuki Motor Co., Ltd., a foreign corporation, O'Harrow Construction Company, a Michigan corporation and Consumers Power Company, a Michigan corporation, Jointly and Severally, Defendants.

Civ. A. No. 87–CV–72310–DT.

United States District Court, E.D. Michigan, S.D.

Feb. 19, 1988.

Ronald R. Gilbert, Detroit, Mich., Richard D. Hitt, Jackson, Mich., for plaintiff.

John A. Zick & Thomas Jones, Detroit, Mich., for Suzuki Motor Co., Ltd.

Allan M. Charlton, Bloomfield, Mich., for O'Harrow Const.

William E. Wisner, Jackson, Mich., for Consumers Power Co.

Charles A. Nelson, Jackson, Mich., for Holiday Cycle.

## OPINION

DUGGAN, District Judge.

This products/premises liability action arose out of injuries sustained by Scott Kukulka, a minor, when his dirt bike went out of control, throwing him onto his head. Plaintiff Barbara Kukulka, as Next Friend of Scott, filed the present action in this Court against Holiday Cycle Sales, the retailer of the dirt bike, Suzuki Motor Co., LTD., the manufacturer of the dirt bike, Griffin Corp., the manufacturer of the helmet, O'Harrow Construction Co., the owner of the land upon which Scott Kukulka was injured, and Consumers Power Co., which had a right-of-way easement over the O'Harrow land.

Defendants Suzuki, O'Harrow and Consumers have filed separate motions for summary judgment and to dismiss. Because this Court's resolution of defendant Suzuki's "Motion for Partial Summary Judgment and then to Dismiss" results in dismissal of the entire case, only brief mention will be made of the claims asserted against the remaining defendants.[1]

Defendant Suzuki seeks dismissal of plaintiff's Count IX, Violation of the Reporting Requirements of the Consumer Product Safety Act. Defendant argues that there is no private right of action for violation of the reporting requirements found in 16 C.F.R. § 1115.1 *et seq.* and that, absent a federal question this Court lacks subject matter jurisdiction over the case which must be dismissed.

Plaintiff alleges federal question jurisdiction under the Consumer Product Safety Act (hereinafter "CPSA").[2] Under section 23(a) of the CPSA, a private cause of action is afforded to "[a]ny person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the [Consumer Product Safety] Commission".[3] 15 U.S.C. 2072(a). Plaintiff claims in paragraph 64 of her Complaint that defendant Suzuki violated section 15(b) of the CPSA [15 U.S.C. § 2064(b) ] and 16 C.F.R. § 1115 by failing to disclose or report that the dirt bike, which Scott Kukulka was riding at the time of the injury, was or may have been defective or unreasonably dangerous. Plaintiff alleges that such failure constitutes a violation of a consumer product safety rule, or any other rule or order issued by the Commission, thereby allowing plaintiff a federal cause of action.

Defendant concedes for purposes of this motion that dirt bikes are consumer products to which the CPSA applies. Therefore, the question before the Court is whether the failure to report a defect or

---

1. Defendant Suzuki seeks a partial summary judgment. Because the motion seeks dismissal of Count IX for failure to state a claim upon which relief may be granted, this court will treat the motion as a motion to dismiss brought pursuant to F.R.Civ.P. 12(b)(6).

2. Although plaintiff's complaint at paragraph 9 asserts diversity of citizenship as the basis for this Court's exercise of jurisdiction over this case, the presence of three Michigan defendants and the Michigan plaintiff, coupled with plaintiff's brief in response to defendant Suzuki's motion, clarify plaintiff's reliance on federal question jurisdiction under the CPSA.

3. Importantly, this provision does not provide a private cause of action for violation of the statute itself.

potential defect as required by 16 C.F.R. § 1115 constitutes a violation of a consumer product safety rule or any other rule or order issued by the Commission.

### *Violation of a Commission "Rule"*

■ As defined in 15 U.S.C. § 2052 "[t]he term 'consumer product safety rule' means a consumer products safety standard described in section 2056(a) of this title, or a rule under this chapter declaring a consumer product a banned hazardous product. 15 U.S.C. 2052(a)(2). Section 2056(a) provides as follows:

[a] consumer product safety standard ... consist[s] of one or more of any of the following types of requirements:

(1) Requirements expressed in terms of performance requirements.

(2) Requirements that a consumer product be marked with or accompanied by clear and adequate warnings or instructions, or requirements respecting the form of warnings or instruction.

The disclosure requirements described by the Commission in 16 C.F.R. § 1115 are "reporting" requirements (*Drake v. Honeywell Inc.*), 797 F.2d 603 (Eighth Cir.1986), and do not impose upon manufacturers any performance or warning/labelling requirements. Therefore, such requirements do not constitute a "consumer product safety rule" as described immediately above. Accordingly, in order for the plaintiff to establish federal question jurisdiction under section 23(a) of the Act [15 U.S.C. 2072(a) ], the disclosure requirement must be identified as "any other [than a product safety] rule or order issued by the commission".

The Eighth Circuit's decision in *Drake v. Honeywell, Inc., supra,* is the only reported circuit court decision on this issue which has been brought to this Court's attention.[4] The *Drake* court rejected the plaintiff's

argument that a private cause of action is available to persons injured as a result of a manufacturer's noncompliance with the reporting rules set forth in 16 C.F.R. § 1115.1 *et seq.* While recognizing that the reporting rules fall within the plain meaning of the phrase "or any other rule," the *Drake* court found that statutory language is but one gauge of Congressional intent. Another gauge is the structure of the statute itself. The *Drake* court found significant the express provision in section 23 (a) for private damage actions for *rule* violations and the conspicuous omission of a similar provision to redress violations of the statute itself. It is clear, therefore, that it was not the intent of Congress to provide plaintiff with any private right of action for a violation of section 15(b).[5]

■ The *Drake* court, applying "well-settled principles of administrative law" to the relevant provisions, concluded that the disclosure requirement in 16 C.F.R. § 1115.1 et seq. is an interpretive rule issued to provide guidance to those whose conduct is governed by the statute and to the courts which must construe it. Interpretive rules, unlike "substantive" or "legislative" rules, "cannot be independently enforced as law." *Drake* at 607. While noncompliance with interpretive rules is unlawful if the rules reasonably construe the Act, the failure to comply with such rules can only signal a violation of the Act itself. Because Congress made it clear that no private right of action is to flow from the failure to comply with the disclosure requirement in section 15(b) of the Act, a private cause of action cannot arise from a manufacturer's noncompliance with the reporting rules issued by the Commission. *Drake* at 609. The *Drake* court found the legislative history of section 23(a) ambiguous, at best, on the issue of Congressional

---

4. This Court is aware of the unpublished decision of the Sixth Circuit in *Copley v. Heil–Quacker, Corp., et al.,* 818 F.2d 866 decided May 20, 1987. In such decision, the Sixth Circuit expressly concurred with the decision in *Drake, supra,* holding that "failure to comply with the Commission's reporting rules does not give rise to a private cause of action."

5. Since the express purpose of § 1115 is to provide "interpretation of the reporting requirements imposed on manufacturers (including importers), distributors, and retailers by section 15(b) ...," the only "violation" which would be actionable is, by necessity, a violation of section 15(b).

intent to provide a private right of action under the reporting rules. However, consideration of the practical consequences of providing such a remedy for violation of the reporting rules, confirmed that court's view that Congress did not intend to provide such relief:

> First, the plaintiff would have to show that the defendant "knowingly" violated the reporting rules. Second, the plaintiff would have to show that but for the violation, the injury would have been prevented. In essence, the plaintiff would have to prove that had the defendant reported in accordance with 16 C.F.R. Part 1115, the Commission pursuant to sections 15(c) and (d) would have held a hearing, determined that the product in fact contained a defect which presented a substantial product hazard, and ordered a remedy that would have prevented the plaintiff's injury. The causation problem not only burdens the plaintiff, it also strains the judicial factfinding process. It requires speculation as to whether and how the Commission would have responded to the defendant's report, and whether the Commission's response would have succeeded in preventing the plaintiff's injury. We doubt that Congress intended to set such a tortuous process in motion.

*Drake* at 610.

The jurisdictions holding otherwise have all found that the plain meaning of § 23(a) compels the conclusion that the reporting requirement in 16 C.F.R. § 1115 is a "rule or order", the violation of which is actionable. *Zepik v. Ceeco Pool and Supply, Inc.,* 637 F.Supp. 444 (N.D.Ind.1986); *Hughes v. Segal Enterprises, Inc.,* 627 F.Supp. 1231 (W.D.Ark.1986); *Drake v. Lochinvar Water Heater, Inc.,* 618 F.Supp. 549 (D.C.Minn.1985); *Wilson v. Robertshaw Controls Co.,* 600 F.Supp. 671 (N.D. Ind.1985); *Payne v. A.O. Smith Corp.,* 578 F.Supp. 733 (S.D.Oh.1983); *Young v. Robertshaw Controls Co.,* 560 F.Supp. 288 (N.D.N.Y.1983); *Butcher v. Robertshaw Controls Co.,* 550 F.Supp. 692 (D.Md.1981).

However, to find that the reporting requirement is a rule or order as set forth in section 23(a), and not simply an interpretive guideline for section 15(b), would thwart the intent of Congress to withhold private causes of action for violations of the statute itself. The structure of the Act, the nature of the regulation as an interpretive rule, and the practical consequences of allowing private causes of action for noncompliance with the disclosure requirement, all militate against a finding that Congress intended to provide such relief. This Court concurs with the reasoning of the Eighth Circuit in *Drake, supra,* and holds that no private cause of action exists under the reporting rules of 16 C.F.R. § 1115.1.

■ For the reasons indicated, this court hereby grants defendant Suzuki's Motion to Dismiss Count IX (Violation of the Consumer Product Safety Act) of plaintiff's Complaint for failure to state a claim upon which relief may be granted. Because plaintiff's Count IX is the only count that purports to assert a federal question, and because complete diversity is lacking in this case, this court declines to exercise "pendent" jurisdiction over the remaining state law claims. The Sixth Circuit has adopted the position that district courts have minimal discretion to decide pendent state law claims on the merits once the basis for federal jurisdiction is dismissed before trial unless "overwhelming interests in judicial economy" dictate otherwise. *Province v. Cleveland Press Publishing Co.,* 787 F.2d 1047, 1055 (6th Cir.1986). This Court cannot see how retaining jurisdiction over the state law claims would serve the interests of judicial economy in this case particularly where plaintiff is presently proceeding with a virtually identical lawsuit in state court.[6] The remaining state law claims are thus, hereby dismissed.

### *"Pendent Party" Jurisdiction*

■ Even if this Court were to conclude that federal question jurisdiction exists with respect to Count IX of plaintiff's Complaint against defendant Suzuki, this Court

---

**6.** *Kukulka, et al. v. Holiday Cycle Sales, et al.,* Circuit Court for the County of Jackson, file no. 83–31407CZ, filed June 7, 1983.

would decline to exercise "pendent" jurisdiction over the state law claims against the remaining defendants:

> From a purely factual point of view, it is one thing to authorize two parties, already present in federal court by virtue of a case over which the court has jurisdiction, to litigate in addition to their federal claim a state-law claim over which there is no independent basis of federal jurisdiction. But it is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to join an entirely different defendant on the basis of a state-law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant "derive from a common nucleus of operative fact." *Ibid.* True, the same considerations of judicial economy would be served insofar as plaintiff's claims "are such that he would ordinarily be expected to try them all in one judicial proceeding...." *Ibid.* But the addition of a completely new party would run counter to the well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress.

*Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). This is not a situation in which plaintiff's asserted basis for jurisdiction against defendant Suzuki is exclusively federal and thus only actionable in this forum. (*See Aldinger,* 96 S.Ct. at 2422.) Rather, judicial economy and convenience of the parties may be served by trying the entire action in the state court. Further, the state and federal claims are not of such character that plaintiff "would ordinarily be expected to try them all in one judicial proceeding...." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). While all of plaintiff's claims arise out of the same accident, plaintiff's asserted federal claim under the Consumer Product Safety Act seeks to impose liability on defendant Suzuki for conduct which is, for the most part, unrelated to the state common law products and premises liability theories set forth against the remaining defendants. The question whether to exercise "pendent" jurisdiction is discretionary with the Court. *Gibbs,* 86 S.Ct. at 1139. Had plaintiff stated a claim under the CPSA, this Court would decline to exercise "pendent" jurisdiction over the state law claims against the remaining parties.

In sum, the Motion of defendant Suzuki to Dismiss Count IX of plaintiff's Complaint is hereby GRANTED and the remaining pendent state law claims are hereby DISMISSED.

An Order shall enter accordingly.