**Stephen M. O'CONNOR, Plaintiff,**

v.

**KAWASAKI MOTORS CORPORATION, U.S.A., a foreign corporation, and Kawasaki Heavy Industries, Ltd., a foreign corporation, Defendants.**

**No. 88-6029-CIV.**

United States District Court, S.D. Florida.

July 8, 1988.

it is possible that federal common law might be called upon in the future to evaluate claims of fraud.

**1540**

Rebecca M. Covey, Ft. Lauderdale, Fla., for plaintiff.

Jeffrey A. Miller, Miami, Fla., for defendants.

## ORDER

PAINE, District Judge.

This cause comes before the court upon Defendant's, KAWASAKI MOTORS COR-PORATION, U.S.A. (KAWASAKI, U.S.A.), Motion to Dismiss, dated January 5, 1988, filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and its supporting Memorandum of Law (DE 5), Defendant's, KA-WASAKI, U.S.A., Motion to Strike, also filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and its supporting Memorandum of Law (DE 6), Defendant's, KA-WASAKI, U.S.A., Motion for More Definite Statement (DE 11), Defendant's, KAWA-SAKI, U.S.A., Amended Motion to Dismiss (DE 12), Plaintiff's Memorandum of Law In Opposition to Defendant's Motion to Dismiss Counts 1, 3 and 5 (DE 17) and Defend-ant's Reply (DE 18), Defendant's, KAWA-SAKI, U.S.A., Combined Motion for Protec-tive Order and Memorandum of Law in Support of Motion for Protective Order (DE 7), Plaintiff's, STEVEN M. O'CON-NOR, Motion to Compel (DE 15) and De-fendant's Motion to Strike Plaintiff's Mo-tion to Compel (DE 19), Defendant's, KA-WASAKI, U.S.A., Motion for Protective Order Regarding Interrogatories Dated February 22, 1988 (DE 16), Plaintiff's, STE-VEN M. O'CONNOR, Motion to Remand (DE 22) and supporting Memorandum of Law (DE 23) and Defendant's, Memoran-dum of Law in Opposition to Plaintiff's Motion to Remand (DE 24) with supporting Affidavit (DE 26). Having reviewed the file and the relevant authorities, the court enters the following order.

### Facts

In February of 1984, the Plaintiff, STE-VEN M. O'CONNOR, rented a Jet Ski wa-tercraft manufactured by the Defendants. Plaintiff alleges that while he was riding the Jet Ski, he hit a wave and was thrown up into the air and, when landing, struck his right shin on the gunwale portion of the craft. Plaintiff filed a complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to recover for the injuries he suffered as a result of the above incident. The ten count complaint makes the following claims: Count I alleges negligence on the part of Defendant, KAWASAKI, U.S.A.; Count II makes a claim for breach of express war-ranty by KAWASAKI, U.S.A.; Count III alleges breach of implied warranty by KA-WASAKI, U.S.A.; Count IV contains a strict liability claim against KAWASAKI, U.S.A.; and, Count V alleges that KAWA-SAKI, U.S.A. violated the Consumer Prod-uct Safety Act. Counts VI through X make identical claims with respect to De-fendant, KAWASAKI HEAVY INDUS-TRIES, LTD. The common thread throughout the Complaint is that the gun-wale portion of the Jet Ski model on which the Plaintiff was injured was not padded as it is on later models of the same craft. Plaintiff contends that had the padding been present, he would not have suffered injuries to the extent that he has. The case

came to this court by way of Defendants' Verified Petition for Removal (DE 2).

### Motion to Remand

■ As the ruling on Plaintiff's Motion to Remand (DE 22) may obviate the need for this court to rule on the remaining motions, it will be considered first. The court finds that the allegations made in the Verified Petition (DE 2) are sufficient to justify removal. When the court is faced with a facially sufficient petition for removal which is challenged by a motion to remand it must make a factual determination with respect to the claim of diversity. *Wright v. Continental Cas. Co.,* 456 F.Supp. 1075, 1078 (M.D.Fla.1978). "Once the plaintiff has put the allegations of the defendant's petition for removal at issue by denying them specifically in a motion to remand, then the burden of proof is upon the defendant to come forward with evidence to prove the allegations contained in the removal petition. *Id. McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)." The defendant may support its allegations of diversity by means of interrogatories, requests for admissions or other documentation. *Wright,* 456 F.Supp. at 1078.

In the instant case, in his Motion to Remand, Plaintiff denies Defendant's allegations as to its state of citizenship. Specifically, Plaintiff suggests that Florida might be considered KAWASAKI U.S.A.'s principle place of business, thus destroying diversity. Defendant has submitted the Affidavit of Hiromichi Kosato, Vice President of the Legal Department of KAWASAKI, U.S.A., (DE 26) in conjunction with its Memorandum of Law in Opposition to Plaintiff's Motion to Remand (DE 24). That affidavit supports KAWASAKI U.S.A.'s allegations that its principle place of business is California.

28 U.S.C. § 1332, which sets forth the jurisdictional rules relating to diversity of citizenship, provides that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." There is no dispute in this case regarding KAWASAKI U.S.A.'s state of incorporation, which is Delaware. Plaintiff raises the issue as to whether Florida is the "nerve center" of KAWASAKI U.S.A., thus making the forum state its principle place of business. This circuit follows the "total activity" test to determine a corporation's principal place of business. *Anniston Soil Pipe Co. v. Central Foundry Co.,* 216 F.Supp. 473 (N.D.Ala.1963), *aff'd* 329 F.2d 313 (5th Cir.1964)[1]. *See also J.A. Olson Co. v. City of Winona,* 818 F.2d 401 (5th Cir.1987). Two tests are contained within the total activity test itself, one of which will be applied depending on the nature of the corporation's activities. The court may look to the company's "nerve center" or "brain" or to the "place of activity". *J.A. Olson,* 818 F.2d at 404. The "determination of the principal place of business begins with the general rules of these component tests: (1) when considering a corporation whose operations are far flung, the sole nerve center of that corporation is more significant in determining principal place of business; (2) when a corporation has its sole operation in one state and executive offices in another, the place of activity is regarded as more significant; (3) when the activity of a corporation is passive and the "brain" of the corporation is in another state, the situs of the corporation's "brain" is given greater significance." *Id.* at 411 (citations omitted).

■ Defendants' Petition for Removal and the Affidavit with which the Memorandum in Opposition to Plaintiff's Motion to remand is supported indicate that KAWASAKI U.S.A. is one of those corporations which falls into the first of the above mentioned categories. The "far flung" nature of its operations requires the court to focus on its "nerve center". Florida is just one of the forty-nine states across the nation in which KAWASAKI U.S.A. has entered dealership agreements for the marketing of its Jet Skis. KAWASAKI U.S.A.'s vice president of legal affairs attests to the fact that KAWASAKI U.S.A. maintains no ad-

---

1. In *Bonner v. City of Pritchard,* 661 F.2d 1206 (11th Cir.1982), the eleventh circuit adopted as binding precedent decisions of the fifth circuit prior to October 1, 1981.

**1542**

ministrative or executive offices in Florida nor any administrative, clerical or managerial personnel, other than legal counsel for litigation purposes. KAWASAKI U.S.A. does not maintain any corporate bank accounts in Florida. The corporate offices are maintained in the state of California. All the daily operational activities of the company, including any executive, policy and managerial decisions regarding the distribution Kawasaki Jet Ski watercraft, are made in California. All corporate books and records are located in California. From the evidence provided by the Defendant, it appears that KAWASAKI U.S.A. has a concentrated "nerve center" in the state of California and diffuse places of activity throughout the country, including Florida. *See Id.* at 411. Accordingly, the court finds that KAWASAKI U.S.A.'s nerve center and thus its principle place of business is located in California, not Florida. Plaintiff's Motion to Remand (DE 22) is denied.

## Motions to Dismiss

Pursuant to Local Rule 10 D, KAWASAKI U.S.A. filed a memorandum in this court to support its Motion to Dismiss filed in state court (DE 5). It has also filed an Amended Motion with a supporting Memorandum of Law (DE 12). Since subject matter jurisdiction in this case is based upon diversity of citizenship, the court must apply the substantive law of the state of Florida when ruling upon these motions. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ On a motion to dismiss, all well plead allegations of the complaint must be taken as true. *Jacobs v. Board of Regents,* 473 F.Supp. 663 (S.D.Fla.1979). Consideration of matters beyond the four corners of the complaint is improper. *Milburn v. United States,* 734 F.2d 762 (11th Cir.1984). The rules of pleading under the Federal Rules of Civil Procedure are very liberal. Rule 8(a) merely requires the complaining party provide

(1) a short plain statement of the grounds upon which the court's jurisdiction depends, unless the court already

has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short, plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Under the standard established by *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957), a motion to dismiss should not be granted unless the plaintiff can prove no set of facts in support of his claim entitling him to relief.

In its first ground for dismissal, KAWASAKI, U.S.A. argues that Plaintiff has failed to state a claim for negligence in Count I of his Complaint. Plaintiff alleges that KAWASAKI, U.S.A. so "negligently and carelessly manufactured [and] designed" the Jet Ski as to cause it to be defective. Plaintiff apparently contends that part of the duty of reasonable care which KAWASAKI, U.S.A. owed to him was to warn him about the potential for injury resulting from striking the unpadded gunwale of the Jet Ski.

■ Generally, Plaintiff has adequately alleged the basic elements of negligence. However, the inquiry as to whether KAWASAKI U.S.A. breached a duty to warn is more specific. The duty of a manufacturer or retailer to warn consumers about the dangerous propensities of a product is governed by the Florida Supreme Court case of *Tampa Drug Co. v. Wait,* 103 So.2d 603 (Fla.1958), and its progeny. *Lollie v. General Motors Corp.,* 407 So.2d 613 (Fla. 1st Dist.Ct.App.1982); *American Motors Corp. v. Ellis,* 403 So.2d 459 (Fla. 5th Dist.Ct.App.1981); *Dayton Tire and Rubber Co. v. Davis,* 348 So.2d 575 (Fla. 1st Dist.Ct.App.1977). A manufacturer or retailer has a strict duty to warn only when the product is considered "inherently dangerous" as described in the *Tampa Drug* case. *Dayton Tire and Rubber Co.,* 348 So.2d at 582. A relatively small group of products has been included by the Florida courts in this inherently dangerous category. They include highly toxic materials, second hand guns and drugs. *Id. See also Lollie,* 407 So.2d at 616. In other words, a duty to warn arises when a manufacturer

or retailer places into commerce "a commodity burdened with a latent danger which derives from the very nature of the article itself." *Tampa Drug Co.*, 103 So.2d at 608. Considering the interpretation of the *Tampa Drug* standard which has been developed by the Florida courts, this court cannot find that the Jet Ski is an inherently dangerous product. So, to the extent that Plaintiff bases his negligence claim upon a duty to warn, he fails to state a cause of action.

KAWASAKI, U.S.A. also argues that Plaintiff fails to state a cause of action against it for alleged negligence which resulted in defective design. KAWASAKI, U.S.A. claims that Plaintiff has alleged that KAWASAKI HEAVY INDUSTRIES manufactured the Jet Ski which was later distributed by it in the United States. Based upon it being only the distributor, not the manufacturer, KAWASAKI, U.S.A. argues that it cannot be held liable in negligence for a design defect.

■ A retailer or distributor may be held liable for a design defect only if it can be charged with actual or implied knowledge of the defect. *Carter v. Hector Supply Co.*, 128 So.2d 390 (Fla.1961); *Skinner v. Volkswagen of America, Inc.*, 350 So.2d 1122 (Fla. 3d Dist.Ct.App.1977); *Williams v. Joseph L. Rozier Machinery Co.*, 135 So.2d 763 (Fla. 2d Dist.Ct.App.1962); *McBurnette v. Playground Equip. Co.*, 130 So.2d 117 (Fla. 3d Dist.Ct.App.1961). In the present case, Plaintiff's allegations with respect to KAWASAKI, U.S.A.'s status as either manufacturer or distributor are not crystal clear. In some paragraphs he alleges that KAWASAKI, U.S.A. was the manufacturer and in others that KAWASAKI HEAVY INDUSTRIES was the manufacturer while KAWASAKI, U.S.A. acted as the distributor. In either event, Plaintiff does allege that KAWASAKI, U.S.A. had knowledge of the alleged defect. Notwithstanding Plaintiff's "shot gun" approach, the court finds that the allegations are sufficient to withstand the Motion to Dismiss. If KAWASAKI U.S.A. is able to produce evidence that it was not involved in the manufacturing process of the Jet Ski, nor that it had any knowledge of the alleged design defect, the issue of its liability in negligence as the distributor of the product would be properly raised in a motion for summary judgment.

■ KAWASAKI U.S.A. also moves to dismiss Plaintiff's claim for breach of express warranty contained in Count II. Plaintiff's Memorandum in Opposition (DE 17) does not address this point. In Florida, the law of express warranty is governed by § 672.313 of the Florida Statutes. A buyer-seller relationship must be present in order for one to be liable under the statute and the affirmation made by the seller must have become the basis of the bargain. None of these factors is present in the instant case. Accordingly, Count II of the Complaint is dismissed.

KAWASAKI U.S.A. also moves to dismiss Count III of the Complaint which is based upon breach of implied warranty of merchantability and fitness. The Florida Supreme Court very recently clarified its position with respect to claims of breach of implied warranty by Plaintiffs who are not in privity with a defendant manufacturer. *See Kramer v. Piper Aircraft Corp.*, 520 So.2d 37 (Fla.1988). The *Kramer* decision resulted from a question certified to the Florida Supreme Court by the Court of Appeals of the Eleventh Circuit to determine what the state of Florida law was in light of the holdings in *West v. Caterpillar Tractor Corp.*, 336 So.2d 80 (Fla.1976), and *Affiliates for Evaluation and Therapy, Inc. v. Viasyn Corp.*, 500 So.2d 688 (Fla. 3d Dist.Ct.App.1987). In *West*, the Florida Supreme Court adopted the theory of strict liability in tort as a logical consequence of prior implied warranty cases which permitted recovery without privity of contract. In so doing it left the status of all implied warranty claims in question. Later, in *Affiliates*, the Third District Court of Appeals held that *West* did not do away with recovery under the theory of implied warranty in situations where privity can be shown. *Affiliates for Evaluation and Therapy, Inc.*, 500 So.2d at 692. The Florida Supreme Court, in holding "that *West* supplants common law implied warranty in the ab-

sence of privity of contract in those instances in which a cause of action where strict liability is appropriate", found that *West* abolished any no-privity cause of action for breach of implied warranty. *Kramer*, 520 So.2d at 39–40. KAWASAKI, U.S.A. argues that Count III should be dismissed on the basis of *Kramer*.

■ In opposition, Plaintiff argues that *Kramer* applies only to manufacturers and that based on the fact that KAWASAKI, U.S.A. is the distributor, not the manufacturer, Count III should not be dismissed. Instead, Plaintiff contends that §§ 672.314 and 672.315 of the Florida Statutes, which are part of Florida's version of the Uniform Commercial Code, are applicable under the facts of this case. The court does not doubt that under the proper circumstances, a cause of action for implied warranty of merchantability or fitness is appropriate in a lease or rental setting. *See W.E. Johnson Equip. Co. v. United Airlines, Inc.,* 238 So.2d 98 (Fla.1970). However, in this case, Plaintiff is a renter once removed from the Defendant. Regardless of whether KAWASAKI, U.S.A. is in fact the manufacturer or the distributor of the jet ski, this court finds that disallowing Plaintiff's claim for breach of implied warranty is consistent with the supreme court's holding. Although both *West* and *Kramer* involved manufacturer defendants, the court's logic in *Kramer* appears to have been intended to have a broad sweep. The court's discussion was clearly focused on the existence of privity rather than the nature of the particular defendant.[2] Even if the *Kramer* holding were limited solely to manufacturers, on the basis of Plaintiff's own allegations, the court would reach the same result. Contrary to the argument in Plaintiff's Opposition to the Motion to Dismiss, the Complaint alleges that KAWASAKI, U.S.A. was both the manufacturer and distributor of the Jet Ski. On the basis of *Kramer,* Count II of the Complaint must be dismissed.

■ Finally, KAWASAKI, U.S.A. moves to dismiss Count V of the Complaint which alleges a violation of the Consumer Product Safety Act (CPSA). Plaintiff claims that Defendant wilfully failed to comply with the CPSA in that, despite its knowledge that the Jet Ski was defective and represented substantial product hazard, it failed to report the defect to the Consumer Product Safety Commission. KAWASAKI, U.S.A. argues that based on *Drake v. Honeywell, Inc.,* 797 F.2d 603 (8th Cir.1986), that no private cause of action exists for a violation of the reporting rules of the CPSA. This circuit has yet to rule on the issue of whether a private cause of action exists to enforce the reporting provisions of the CPSA. Plaintiff cites the cases of several district courts, none located within this circuit, which have held opposite to *Drake. Wilson v. Robertshaw Controls Co.,* 600 F.Supp. 671 (N.D.Supp. 1985); *Payne v. A.O. Smith Corp.,* 578 F.Supp. 733 (S.D.Ohio 1983); *Young v. Robertshaw Controls Co.,* 560 F.Supp. 288 (N.D.N.Y.1983); *Butcher v. Robertshaw Controls Co.,* 550 F.Supp. 692 (D.Md.1981).

Section 2064(b) of the Act provides, in pertinent part, that

> [e]very manufacturer of a consumer product distributed in commerce, and every distributor and retailer of such product, who obtains information which reasonably supports the conclusion that such product ... contains a defect which could create a substantial product hazard described in subsection (a)(2) of this section, shall immediately inform the Commission ... of such defect, unless such manufacturer, distributor, or retailer has actual knowledge that the Commission has been adequately informed of such defect. ...

Section 2072 provides as follows:

> [a]ny person who shall sustain an injury by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued

---

**2.** In addition to the holding quoted earlier, this is evidenced in two additional statements of the court: "We ... find that this Court in *West* abolished the no-privity, breach of implied warranty cause of action for personal injury upon its adoption of the doctrine of strict liability in tort." and "The implied warranty cause of action remains unaltered where privity of contract exists. ..." *Kramer,* 520 So.2d at 39 and n. 4.

by the Commission may sue any person who knowingly (including willfully) violated any such rule or order in any district court of the United States in the district in which the defendant resides or is found or has an agent....

As is evident from the above, the Act does provide for private remedies. However, as *Drake* points out, there is a question whether Congress intended § 2072 to apply to the rules promulgated in conjunction with the reporting provisions of the statute. The *Drake* court answered this question in the negative. *See also Kukulka v. Holiday Cycle Sales, Inc.*, 680 F.Supp. 266 (E.D.Mich.1988); *Zepik v. Ceeco and Supply, Inc.*, 118 F.R.D. 455 (N.D.In.1987). The court pointed out that, while the Act may provide a private remedy for violations of a rule, it does not so provide for violations of the statute itself *Drake*, 797 F.2d at 606. By permitting a private plaintiff to enforce § 2064(b), the reporting provision, through the § 2072 rule enforcement provision would permit him, contrary to Congressional intent, to bring a private right of action to enforce a section of the statute itself. *Id.* This conclusion is especially compelling in light of the fact that the rules promulgated by the Commission with respect to the reporting provisions are interpretive rather than substantive or legislative. *Id.* at 606–07. Interpretive rules are issued by an administrative agency to guide parties whose conduct might be governed by the underlying statute; they cannot be independently enforced as law. *Id.* at 607; *See also General Elec. Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976); *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944); *Batterton v. Marshall*, 648 F.2d 694 (D.C. Cir.1980). Accordingly, this court finds that there is no private right of action for a violation for the reporting provisions of the CPSA. Count V of the Complaint must be dismissed.[3]

### Motion to Strike Plaintiff's Prayer for Interest

Defendant, KAWASAKI, U.S.A., pursuant to Local Rule 10(D), has filed a Memo-randum in Support of Its Motion to Strike Dated January 5, 1988 (DE 6). That motion was filed in the circuit court in Broward County before removal to federal court. Plaintiff prays for "interest" in each Count of the complaint. Plaintiff did not specify in the complaint whether he seeks pre or postjudgment interest nor did he respond to the motion to argue in support of or to clarify his request.

▮ Under Florida law, prejudgment interest may not be recovered in actions for damages based upon personal injuries. *In Re Pago Pago Air Crash*, 525 F.Supp. 1007 (S.D.Cal.1981); *Parker v. Brinson Constr. Co.*, 78 So.2d 873 (Fla.1959); *Cooper v. Aetna Cas. & Sur. Co.*, 485 So.2d 1367 (Fla. 2d Dist.Ct.App.1986). This rule holds true even when, as with Plaintiff's warranty claims, the cause of action is contractual. *See Parker*, 78 So.2d at 873; *Cooper*, 485 So.2d at 1367. Therefore, Plaintiff will not receive prejudgment interest on any damage award he might receive. Plaintiff may properly receive postjudgment interest if a judgment is entered in his favor. However, that issue will be more properly dealt with when and if he receives a judgment. Defendant's Motion to Strike Plaintiff's prayer for interest is granted.

### Motion for More Definite Statement

▮ Defendant, KAWASAKI, U.S.A., moves for a more definite statement regarding paragraph 16(a) of the Complaint (DE 11). Again, Plaintiff has not responded to the Motion. Defendant argues that paragraph 16(a) is vague and ambiguous in that it forces the Defendant to assume that the defective condition to which that paragraph refers is the lack of a padded gunwale on the Jet Ski and insufficient warnings and instructions. The court disagrees. Paragraph 16, read as a whole, is sufficiently clear. Subsections (b), (c) and (d) specify the defects to which Plaintiff refers in subsection (a). Defendant's Motion for a More definite Statement is denied.

---

3. Plaintiff prays for punitive damages in Count V of the Complaint. Since that Count is now dismissed, the court need not reach Defendant's argument as to punitive damages.

### Discovery Motions

Several motions regarding discovery have been filed by the parties: KAWASAKI, U.S.A.'s Combined Motion for Protective Order and Memorandum of Law in Support of Motion for Protective Order (DE 7), Plaintiff's, STEVEN M. O'CONNOR, Motion to Compel (DE 15), Defendant's Motion to Strike Plaintiff's Motion to Compel (DE 19), and KAWASAKI, U.S.A.'s Motion for Protective Order Regarding Interrogatories Dated February 22, 1988 (DE 16). Plaintiff's response to Defendant's first Motion for Protective Order (DE 7) appears to be in the form of his Motion to Compel (DE 15). Plaintiff has filed no individual responses to KAWASAKI, U.S. A.'s second Motion for Protective Order (DE 16) nor its Motion to Strike its Motion to Compel (DE 19).

Both of KAWASAKI, U.S.A.'s Motions for Protective Orders argue that Plaintiff has propounded in excess of the forty interrogatories permitted by Local Rule 10 I(5), without leave of court to do so. The Local Rule provides that "[u]nless otherwise permitted by the Court for cause shown, no party may serve more than one set of forty (40) interrogatories pursuant to Rule 33, Fed.R.Civ., *including all parts and subparts.*" (emphasis supplied). Having reviewed the interrogatories attached by KAWASAKI, U.S.A. to its first motion, relating to the set propounded in December of 1987, it does appear that if all parts and subparts of the individual seventeen questions are counted, the number exceeds forty. Since the first set of interrogatories exceeded the permissible number, it is obvious that any additional interrogatories, such as those served in February of 1988, would be in violation of the local rule. KAWASAKI, U.S.A., in addition to objecting to nearly every question it did answer, refused to give any response after (in its calculation) the fortieth question. Plaintiff seeks to compel answers to those interrogatories for which he received no responses and those for which he feels the responses were inadequate. He also seeks better responses to certain Requests for Production which were served simultaneously with the first set of interrogatories. In opposition, KAWASAKI, U.S.A., Moves to Strike the Motion to Compel on the grounds that all the discovery requests are extremely vague and broad and that Plaintiff has not complied with Local Rule 10 I(6).

■ As KAWASAKI, U.S.A. has demonstrated, Plaintiff has failed to comply with the Local Rules in several respects. First, he did not seek leave to file more than forty interrogatories, as is required, before a number exceeding forty will be permitted. In a products liability case as here, where the Defendant is responsible for a product of complex design and manufacture, it may be quite reasonable to permit more than forty interrogatories to be served. However, before a party will be subjected to such a burden, the party wishing to serve in excess of the permissible number must show good cause. The court will grant KAWASAKI, U.S.A.'s Motions for Protective Orders (DE 7 and 16) until such time as Plaintiff shows good cause why he should be permitted to serve more than forty interrogatories. If cause is shown, the court will require Defendant to respond.

Plaintiff has also disregarded Local Rule 10 I(6) with respect to his Motion to Compel (DE 15). The Local Rule sets out a very specific format in which a motion to compel answers to interrogatories or requests for production must be drafted. In following that format, the moving party must state with specificity the grounds supporting his or her motion as to every question for which a compelled answer is sought. Plaintiff has not done so.

In the instant case, the court finds that the interrogatories and requests for production are rather broad and may encompass a large amount of information not relevant to proof of the Plaintiff's case. On the other hand, Plaintiff may have legitimate use for information relating to the history of the manufacture and design of Defendant's Jet Ski and any significant design changes which may have occurred. Plaintiff must make his questions and requests more specific to avoid undue burden and to facilitate the determination of whether the information sought is relevant and whether some of the requested material does in fact involve protectable trade secrets or other privileges. Accordingly,

KAWASAKI, U.S.A.'s Motion to Strike Plaintiff's Motion to Compel is granted. Plaintiff shall proceed in the following manner. First, he shall endeavor to streamline his interrogatories in an effort to avoid undue burden to the Defendant. If after doing so, he finds that the number of interrogatories required to acquire essential information · still exceeds forty, he shall seek leave of court to serve an enlarged number. Secondly, he shall likewise revise his requests for production. If there are still interrogatories and requests to which Defendants object, Plaintiff may then move to compel in accordance with Local Rule 10 I(6).

Succinctness is a virtue in the use of pretrial discovery rules. Lawyers must fine tune their questions as well as the responses thereto. In this operative procedure, use a scalpel, not a machete. Another path to learning what information the opposition possesses which may assist counsel in proof or evaluation of his client's position is a good faith, although perhaps informal, exchange of information followed by a written stipulation of facts. As counsel are aware, this alternative would save both the parties and the court a great deal of time and expense.

In view of all of the foregoing, it is hereby

ORDERED and ADJUDGED that

(1) Plaintiff's, STEVEN M. O'CONNOR, Motion to Remand (DE 22) is DENIED;

(2) Defendant's, KAWASAKI, U.S.A., Motion to Dismiss, dated January 5, 1988, filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and Defendant's, KAWASAKI, U.S.A., Amended Motion to Dismiss (DE 12) are DENIED in part and GRANTED in part:

(a) the Motions are GRANTED as they relate to the allegations in Count I claiming a duty to warn by Defendant, KAWASAKI, U.S.A. and DENIED as to the remainder of Count I;

(b) the Motions are GRANTED as to Count II;

(c) the Motions are GRANTED as to Count III;

(d) the Motions are GRANTED as to Count V;

(3) Defendant's, KAWASAKI, U.S.A., Motion to Strike, filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida is GRANTED;

(4) Defendant's, KAWASAKI, U.S.A., Motion for More Definite Statement (DE 11) is DENIED;

(5) Defendant's, KAWASAKI, U.S.A., Combined Motion for Protective Order and Memorandum of Law in Support of Motion for Protective Order (DE 7) is GRANTED;

(6) Defendant's, KAWASAKI, U.S.A., Motion for Protective Order Regarding Interrogatories Dated February 22, 1988 (DE 16) is GRANTED;

(7) Defendant's Motion to Strike Plaintiff's Motion to Compel (DE 19) is GRANTED;

(8) Plaintiff's, STEPHEN M. O'CONNOR, Motion to Compel is DENIED;

(9) Plaintiff shall within twenty (20) days of the date of this order serve his revised interrogatories and requests for production. Plaintiff may, if necessary, seek leave of court to serve more than forty (40) interrogatories in accordance with Local Rule 10 I(5).

DONE and ORDERED.